The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have requested an Attorney General opinion concerning the impact of Act 773 of 1999 on the re-employment contracts for a public school superintendent and assistant superintendent.
You have stated the following background information:
STATEMENTS OF FACT
 On January 19, 1999, the board of education of a local school district voted to continue the employment of the district's superintendent and assistant superintendent for the time period from July 1, 1999 to June 30, 2000.
 The superintendent and assistant superintendent both had been employed by the board of education in those identical capacities during the 1998-1999 school year.
 On district form letters of acceptance to the district's board of education, both dated January 20, 1999, respectively, the district's superintendent and assistant superintendent noted the following to the board of education:
 Subject to acceptable contract terms, I accept my election for the school year of 1999-2000.
 During its regular meeting on April 20, 1999, the local board of education approved a motion to issue contracts to individuals for the 1999-2000 school year.
 The district's superintendent and assistant superintendent subsequently signed their respective contracts which had been issued to them by the district's board of education and dated May 21, 1999.
 Both respective contracts covered the time period from July 1, 1999, to June 30, 2000, and both contracts were already signed by the president and secretary of the district's board of education.
 During the fall of 1996, the board of education of the aforementioned school district adopted the following policy:
 If a school employee opts to participate in the Teacher Deferred Retirement Option Plan (T-DROP), an amount equal to what would have been the District's required contribution to the Arkansas Teacher Retirement System, subject to the receipt of such funds by the local district, will be made on behalf of that employee to an annuity recognized by the Harrison School District.
 The above referenced policy was in effect during the 1998-1999 school year and applied to both the superintendent and assistant superintendent. They also did receive the appropriate benefits throughout the 1998-1999 contracted year as the policy dictated.
On the basis of the foregoing background information, you have presented the following questions:
 (1) Since the local school board voted on January 19, 1999, to continue the employment of the district's superintendent and assistant superintendent for the time period from July 1, 1999, to June 30, 2000, did this fact result in the district incurring a contractual obligation to the superintendent and assistant superintendent prior to the date of February 1, 1999, as noted in Section 1(b) of Act 773 of 1999?
 (2) If the answer the Question 1 if yes, are the district's superintendent and assistant superintendent legally entitled to continue to receive the benefits for the contractual time periods of July 1, 1999, to June 30, 2000, as per the board policy adopted in the fall of 1996?
 (3) If the answer to Question 2 is yes, are the superintendent and assistant superintendent legally entitled to receive the benefits, as per the board policy for succeeding contractual periods of time after June 30, 2000?
RESPONSE
Question 1 — Since the local school board voted on January 19, 1999, tocontinue the employment of the district's superintendent and assistantsuperintendent for the time period from July 1, 1999, to June 30, 2000,did this fact result in the district incurring a contractual obligationto the superintendent and assistant superintendent prior to the date ofFebruary 1, 1999, as noted in Section 1(b) of Act 773 of 1999?
This question is in essence asking for a determination of when the contracts in question were entered into. A determination of this nature is primarily factual. In order to decide when a contractual obligation was incurred, it would be necessary for the deciding entity to obtain relevant factual information from both of the parties to the contract, for the purpose of determining their intent with regard to the contract. In order for such information to be given fair consideration, it must be obtained in the context of an adversarial proceeding, giving each of the parties to the contract an opportunity to present its side of the case. The Attorney General cannot conduct a factual inquiry of this nature. For this reason, I cannot opine in response to the factual portion of your question.
Nevertheless, I will state that if it were factually determined that the contracts in question were entered into on January 20, when the two employees presented their letters of acceptance, it would be my opinion that the school district did incur a contractual obligation[1] to make the contribution referred to in the school policy, prior to February 1, 1999, for purposes of Act 773 of 1999.[2] In that factual scenario, the contracts would come within the exception language of Section 1(b) of Act 773 of 1999. If, on the other hand, it were factually determined that the contracts in question were entered into after the April 20, 1999, meeting at which the board approved a motion to issue the contracts, it would be my opinion that the school district did not incur a contractual obligation to make the contribution referred to in the school policy prior to February 1, 1999, for purposes of Act 773 of 1999.
Question 2 — If the answer the Question 1 if yes, are the district'ssuperintendent and assistant superintendent legally entitled to continueto receive the benefits for the contractual time periods of July 1,1999, to June 30, 2000, as per the board policy adopted in the fall of1996?
As previously noted, I cannot answer Question 1 definitively. I therefore cannot provide a definitive answer to this question.
Question 3 — If the answer to Question 2 if yes, are the superintendentand assistant superintendent legally entitled to receive the benefits, asper the board policy for succeeding contractual periods of time after June30, 2000?
It is my opinion that even if it found as a factual matter that the two employees in question are contractually entitled to receive the benefits provided by the referenced policy (incorporated as a term of their contracts), this fact would not entitle them to receive those benefits for succeeding contractual periods of time after June 30, 2000. Unlike the contracts for the period of July 1, 1999, through June 30, 2000, it will be impossible for those succeeding contracts to have been entered into prior to February 1, 1999, as required by Act 773 of 1999.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] This conclusion is based on the assumption that the two employees in question are "certified personnel" whose contracts incorporate the personnel policies of the school district, pursuant to A.C.A. §6-17-204.
[2] Act 773 of 1999 states:
 The school district shall not make contributions to any tax qualified retirement plan on behalf of any employee participating in the deferred retirement option plan. However, this prohibition shall not be applicable to the extent necessary to comply with contractual obligations incurred by a school district prior to February 1, 1999.
Acts 1999, No. 773, § 1.